## JOHNS v
## GOODYEAR TIRE & RUBBER CO

Ohio Appeals, 9th Dist, Summit Co

No 2835. Decided March 29, 1937

Howard L. Weaver, Akron, Paul W. Vale, Akron, James B. Greenfield, Akron, and Cowan, Adams & Adams, Columbus, for appellant.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellee.

## OPINION

By WASHBURN, J.

Tom Johns, the appellant, as an employee of The Goodyear Tire and Rubber Company, a self-insuring employer, filed, in 1929, an application for compensation with the Industrial Commission of Ohio.

Said application was denied, and Johns appealed to the Common Pleas Court. A trial was had in that court, and the result was a verdict and judgment in favor of The Goodyear Tire and Rubber Company. An appeal to this court on questions of law was thereupon perfected.

The bill of exceptions filed herein contains none of the evidence taken at the trial of the cause, but it does contain the charge of the court in full.

The only error claimed is in reference to the charge of the court.

In the course of the charge, the court used the following language:

"I can say to you, in so far as you are concerned, you need not and should not substitute anybody else's judgment for your judgment, and simply because the commission made a ruling against this plaintiff does not mean therefore, that you should consider that as any weight in so far as your determination of the issues in this case is concerned. It does raise this question, however, and that is that at the outset of this trial there is a presumption against the plaintiff. In other words, the burden is upon the plaintiff to prove his right to participate in this fund, and he must prove that by the evidence before you, by a preponderance of that evidence."

The sentence in said charge reading "It does raise this question, however, and that is that at the outset of this trial there is a presumption against the plaintiff," standing by itself, is clearly erroneous, and it is difficult to understand why the trial court made any such statement to the jury; but it is the duty of this court, in reviewing the proceedings of the trial court, to consider what the court said to the jury just before and just after said sentence, in order to determine the probability of the jurors being misled by the use of such language.

Neither the happenings at the trial nor the evidence are shown by the bill of exceptions. It does appear that just before said language was used, the court had said to the jury that they should not consider the finding of the commission against Johns as of "any weight in so far as your determination of the issues in this case is concerned," and that such objectionable sentence was immediately followed with "In other words, the burden is upon the plaintiff to prove his right to participate in this fund, and he must prove that by the evidence before you, by a preponderance of that evidence."

Under all the circumstances, it seems to us quite unlikely that the jurors would understand the legal significance of said objectionable language; especially is that so in view of other parts of the charge relating to the subject of a preponderance of the evidence.

Our conclusion is that the appellant has not exhibited by the record prejudicial error which would justify this court in reversing the case, and therefore the judgment is affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.